UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA TEJEDA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GLORIA EBERWEIN,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CV-684 JLS (LL)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF Nos. 1, 2) |

Presently before the Court is Plaintiff Esmeralda Tejeda's Motion to Proceed In Forma Pauperis ("IFP") ("Mot.," ECF No. 2). Plaintiff, proceeding through counsel, has submitted a complaint for damages under claims of wrongful death and negligence. ("Compl.," ECF No. 1).

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $400. 28 U.S.C. § 1914(a).[1] An action may still proceed without the prepayment of fees

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

if a party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff states that she receives $375.00 per month from alimony and child support. Mot. at 1. Plaintiff has $310 in monthly expenses. *Id.* at 4. The Court finds Plaintiff's application demonstrates that she is unable to pay the requisite fees. Accordingly, the Court **GRANTS** Plaintiff's Motion.

## INITIAL SCREENING

Notwithstanding IFP status, the Court must subject every civil action brought pursuant to 28 U.S.C. § 1915(a) to a mandatory screening.

Prior to the enactment of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(d) (now § 1915(e)) "did not authorize district courts to dismiss, *sua sponte*, a complaint for failure to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1126 (emphasis added) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). Now, however, a court shall dismiss a case *sua sponte* if it finds that "the allegation of poverty is untrue" or the action: (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez*, 203 F.3d at 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the Court to dismiss an IFP complaint that fails to state a claim); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

### I.    Subject Matter Jurisdiction

Pursuant to Federal Rules of Civil Procedure 8(a)(1), the complaint must include "a short and plain statement of the grounds for the court's jurisdiction." *See Yoder v. Assinboine & Sioux Tribes of Fort Peck Indian Reservation, Mont.*, 339 F.2d 360, 362 (9th Cir. 1964) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936)) ("It

///

is incumbent upon the plaintiff properly to allege the jurisdictional facts according to the nature of the case.").

There are two kinds of subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. Federal-question jurisdiction exists where "federal law creates the cause of action[,] . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," or "'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Grable & Sons Metal Prods.*, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)) (citations omitted). Plaintiff's cause of action does not arise out of a federal law. Thus, the principles of federal-question jurisdiction are inapplicable here.

Diversity jurisdiction, on the other hand, exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332. When a specific sum is not provided in the complaint, the burden of establishing—by a preponderance of the evidence—that the asserted damages satisfy the minimum amount-in-controversy requirement falls on the party seeking federal jurisdiction. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "The diversity statute is strictly construed and any doubts are resolved against finding jurisdiction." *Curtis Int'l Ltd. v. Ewest Advantage*, 07CV1265 JAH(CAB), 2007 WL 2462115, at *2 (S.D. Cal. Aug. 27, 2007) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983)).

Plaintiff is a citizen of Mexico and alleges Defendant is either a Resident or Citizen of the United States. (Civil Cover Sheet, ECF No. 1). The amount in controversy exceeds $75,000. *Id.* Therefore, the Court has diversity jurisdiction over the case. *See Blazevska*

*v. Raytheon Aircraft Co.*, 522 F.3d 948, 951 (9th Cir. 2008) (holding diversity jurisdiction is proper where injury occurred outside the United States).

## II. Sufficiency of Allegations

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

In this case, Plaintiff brings wrongful death and negligence claims against Defendant Gloria Eberwein. Compl. at 3. Plaintiff, as a representative for herself and personal representative of the estate of Guadalupe Tejeda, alleges that Defendant failed to use due care when she hit and killed Guadalupe Tejeda as he crossed the street at a crosswalk near the international border. *Id.* at 2. Further, Plaintiff alleges Defendant fled the scene across the border into the United States, leaving Guadalupe Tejeda hurt and unattended. *Id.* Based on the face of the Complaint, the Court finds that Plaintiff's claim is sufficiently pled to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2).

///

# CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion pursuant to § 1915(a) (ECF No. 2).

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and forward it to Plaintiff along with blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of the Complaint and summons, so that she may serve Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and return it to the United States Marshal according to the instructions provided by the Clerk in a letter accompanying the IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

5. **ORDERS** Plaintiff to serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant's counsel or Defendant and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

Dated: June 3, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge